**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| VINCENT DIMODICA,  :<br>:<br>          Petitioner,  :<br>:<br>     v.            :<br>:<br>UNITED STATES, et al.,  :<br>:<br>          Respondents.  : | Civil No.: 08-6156 (SDW)<br><br>**O P I N I O N** |

**APPEARANCES**:

Vincent DiModica, Pro Se
#71342-158-EB
Federal Correctional Institution
P.O. Box 1000
Otisville, NY 10963-1000

Randall Hastings Cook
Asst. U.S. Attorney
Office of the U.S. Attorney
970 Broad Street
Newark, NJ 07102
Attorney for Respondents

**WIGENTON**, District Judge

   This matter is before the Court on various filings by Petitioner, Vincent DiModica, a prisoner confined at the Federal Correctional Institution, Otisville, NY.  Petitioner has filed a petition for a writ of error coram nobis in this District Court, as well as an amended petition, and one petition in the United States District Court, District of Columbia.  This Court addresses the petition and amended petition for a writ of error

coram nobis filed in this district only.[1] This Court notes, however, that the issue presented in the original petition is also addressed in the amended petition, so that the amended petition appears all-inclusive.

### BACKGROUND

Petitioner, born in 1931, has a long criminal history, spanning back to juvenile delinquencies starting in 1944. Since then, Petitioner has spent his life in and out of the prison system. He is currently serving a federal sentence imposed by this District Court on November 6, 1998, after convictions on racketeering, illegal gambling, and extortion charges. His projected release date is September 21, 2012. (RE F, Sentencing Computation Data).

Petitioner presents two issues for review: (1) whether or not a 1980 grant of parole violated the general savings clause due to the fact that the petitioner was sentenced under a penalty provision which excluded parole release; and (2) whether or not the petitioner's 1997 RICO conviction may lawfully stand since it was entered in violation of double jeopardy and due process. (RE C, at p. 7).

---

[1] The first petition was filed on April 29, 2008, the amended petition on September 3, 2008. Both the petition and amended petition can be found as exhibits to the Respondents' Answer, (Respondents' Exhibits "RE"), at Exhibits A and C, respectively.

Specifically, Petitioner argues that in 1974 he was sentenced to 17 years incarceration for an offense that was not parole-eligible at the time. Despite the offense not being parole-eligible, in 1980 Petitioner was released to parole supervision after having served over six years. After his release, Petitioner violated parole and was rearrested. His parole was revoked, and he was resentenced to 8 years incarceration. Petitioner spent quite a period of time being paroled, and rearrested, and violated. As a result, Petitioner notes that his original 17 year incarceration ballooned to 31 years. (RE C, ¶¶ 6-14).

Petitioner argues that he should not have been released on parole, and could have spent 17 years incarcerated, instead of the 31 years. He argues that the savings clause in the Comprehensive Drug Abuse Prevention Act of 1970 made offenders convicted under the Act ineligible for release. However, he notes the law was amended in 1976 to permit release on parole supervision. Petitioner asserts that he "was simply never parole eligible, and was unlawfully paroled, not once but on three separate occasions." (Petitioner's Memorandum of Law, pp. 7-9).

Petitioner notes that he did not bring this matter to the attention of the courts sooner because he did not "become aware of this problem until after 1997– indeed, well after the date on which he was supposed to be released from the conviction."

(Memorandum, p. 10). He also argues that the improper parole releases caused him to suffer "collateral consequences." (Memorandum, p. 10).

It is rare, indeed, for this Court to have before it an argument by a Petitioner asking the Court to hold that said Petitioner should not have been released on parole. It seems obvious to this Court, and to Respondents who argue that this claim is "absurd on its face" (Answer, p. 9), that if Petitioner had not been repeatedly rearrested after his parole, this would not have been an issue. Any parole violations, subsequent arrests and convictions, have been Petitioner's own doing, and have nothing to do with his parole release. Regardless, Petitioner has not demonstrated that he is entitled to a writ of error coram nobis on this claim, as explained fully below.

Next, Petitioner argues that his 1997 conviction for racketeering and other charges, for which he has completed serving, is unconstitutional in that the conviction violated double jeopardy and due process, and because the Commerce Clause was not actually proven to be violated. Further, Petitioner argues that the jury was not properly instructed at his criminal trial. (RE C at ¶¶ 32-35). Again, these claims concern challenges to Petitioner's criminal trial. As such, they are not properly before this Court, as explained fully below.

**DISCUSSION**

**A.   Standard of Review**

This Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.   Writs of Error Coram Nobis**

The writ of error coram nobis is an "infrequent" and "extraordinary" form of relief reserved for "exceptional circumstances."  United States v. Stoneman, 870 F.2d 102, 106 (3d Cir. 1989); United States v. Gross, 614 F.2d 365, 368 (3d Cir. 1980) (per curiam ); see Carlisle v. United States, 517 U.S. 416, 429 (1996) (noting that the remedy is so extreme that it "is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis ] would be necessary or appropriate").  An application for a writ of error coram nobis is used to attack allegedly invalid convictions which have continuing consequences, even though the petitioner has completed

serving the sentence he is attacking and, thus, is no longer "in custody." See Stoneman, 870 F.2d at 105-06.

"The interest in finality of judgments dictates that the standard for a successful collateral attack on a conviction be more stringent than the standard applicable on a direct appeal." Gross, 614 F.2d at 368. It is even more stringent than that on a petitioner seeking habeas corpus relief under § 2255. See United States v. Osser, 864 F.2d 1056, 1060-61 (3d Cir. 1988); United States v. Keogh, 391 F.2d 138, 148 (2d Cir. 1968) (unlike habeas, where part of sentence remained unserved, there is no opportunity or incentive in coram nobis setting to retry defendant using newly discovered evidence where sentence already served); Stoneman, 870 F.2d at 106. To warrant the relief of a writ of error coram nobis, there must be errors of fact "of the most fundamental kind" that "must go to the jurisdiction of the trial court, thus rendering the trial itself invalid." Id.; United States v. Morgan, 346 U.S. 502 (1954).

Thus, courts have set out three requirements for a writ of error coram nobis: (1) the petitioner must no longer be "in custody," see Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003); (2) the petitioner must be attacking a conviction with "continuing penalties" or "collateral consequences" to the petitioner, see Osser, 864 F.2d at 1059; and (3) the error the petitioner seeks to correct is a "fundamental error" for which

6

"there was no remedy available at the time of trial and where 'sound reasons' exist for failing to seek relief earlier. . . ." Stoneman, 870 F.2d at 106 (citation omitted).

**C.   Section 2255**

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the Court which imposed the sentence. See 28 U.S.C. § 2255.  A one-year period of limitations applies to § 2255 motions.  See 28 U.S.C. § 2255(f).

Section 2255 also precludes second or successive petitions, except under exceptional circumstances.  See 28 U.S.C. § 2255(h). Second or successive § 2255 motions must be certified by a panel of the court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole,

7

would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

The Court of Appeals for the Ninth Circuit has held that, "[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs." United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (2001), quoted with approval in Hazard v. Samuels, 206 Fed. Appx. 234, 236 (3d Cir. 2006) and United States v. Reaves, 177 Fed. Appx. 213, 213 (3d Cir. 2006). See also United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (holding a writ of audita querela unavailable where relief is cognizable under § 2255). See also United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (Section 2255 is not rendered "inadequate or ineffective," thereby enabling resort to a writ of error coram nobis, by the mere fact that the prisoner cannot meet the stringent standards for filing a second or successive § 2255 motion).

D.  **Petitioner's Claims**

In his first claim, Petitioner challenges his release on parole with the non-sensical argument that had he not been

8

released on parole, and reviolated parole numerous times, his incarceration would have been lessened, and, presumably, future sentences would have been shorter. This claim fails to satisfy the requirements to grant the extraordinary relief sought by Petitioner-- the writ of error coram nobis. First, any "continuing penalties" or "collateral consequences" suffered by Petitioner due to his release on parole are the result of criminal actions by Petitioner himself. As noted, had Petitioner not committed the crimes while on parole, he would not have been subject to further incarceration. Further, as noted by Respondents, even if the 1974 narcotics conviction (resulting in the original parole release) and the 1997 racketeering conviction were invalidated, Petitioner would have still been sentenced as a career offender for purposes of his 1998 conviction, due to his extensive criminal history. Thus, there are no collateral consequences apparent in Petitioner's claims.

Second, Petitioner does not demonstrate that there was no remedy available at the time of trial and that there where "sound reasons" for failing to seek relief earlier. This Court ventures to guess that when Petitioner was released on parole, he was not petitioning the Court to return to prison because he was improperly paroled. However, the parole release took place in 1980, and his parole revocations took place in the 80s through

the 90s.  There is no reason that he could not have raised this issue earlier in one of his many litigations.

Thus, this Court finds that Petitioner has not satisfied the requirements to grant the petition for a writ of error coram nobis: Petitioner has not demonstrated that his parole release was an error of fact "of the most fundamental kind" that rendered the trial itself invalid.  His claim will be dismissed.

With regard to Petitioner's second claim regarding the 1997 convictions, the claims certainly fall under the purview of § 2255.  In fact, Petitioner has raised substantially these same claims in a previously-filed § 2255 motion.  See RE E, DiModica v. United States, 00-cv-1272 (KSH).  Petitioner's claims were rejected by this District Court and the motion was denied.  See id. at Docket Entry 24.  Petitioner did not appeal this denial.  However, Petitioner cannot now use the writ of error coram nobis to relitigate these claims.

Thus, this Court construes Petitioner's claims concerning his 1997 conviction as successive § 2255 claims, over which this Court has no jurisdiction.  If Petitioner wishes to relitigate these claims, he must apply for certification from the Court of Appeals for the Third Circuit for a second or successive § 2255 motion, pursuant to 28 U.S.C. § 2255(h).  Petitioner's claims will be dismissed. See, e.g., Schweitzer v. United States, 215 Fed. Appx. 120, 122 (3d Cir. 2007)(construing a petition for writ

10

of error coram nobis as a successive § 2255 motion); see also United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (Section 2255 is not rendered "inadequate or ineffective," thereby enabling resort to a writ of error coram nobis, by the mere fact that the prisoner cannot meet the stringent standards for filing a second or successive § 2255 motion).

## CONCLUSION

For the foregoing reasons, the instant petition and amended petition for a writ of error coram nobis must be dismissed. An appropriate Order accompanies this Opinion.

S/Susan D. Wigenton
SUSAN D. WIGENTON
United States District Judge

Dated: August 3, 2009

11